**Steven J. Brody & Associates, Ltd.**
Attorneys at Law
**15 W. Woodstock Street
Crystal Lake, Illinois 60014
Telephone (815) 479-8800
Facsimile (815) 479-8880**

September 11, 2016

Olaf Klutke
President
GKI Incorporated
6204 Factory Road
Crystal Lake, Illinois 60014

Re:    Agreement for Legal Services

Dear Mr. Klutke:

We are pleased that you have asked Steven J. Brody & Associates, Ltd. (the "Firm") to represent GKI Incorporated ("Client," "you" or "your") in connection with the restructuring of your indebtedness. Such representation may include, without limitation, the rendering of corporate, tax, bankruptcy and litigation advice related to the restructuring, as requested by you (collectively, the "Services"). This letter will confirm our discussions with you regarding Client's engagement of the Firm and will describe the basis on which the Firm will provide the Services.

Accordingly, we submit for your approval the following terms governing our engagement by Client for the Services. Our acceptance of this engagement is dependent upon the Firm's completion of its business and conflicts review. Based upon the preliminary conflicts check the Firm has performed, we do not anticipate any conflicts which would preclude the Firm from accepting this engagement. If you are in agreement with the terms of this engagement letter, please sign the enclosed copy of this letter in the space provided below. **It is important to note, however, that this engagement and the terms thereof, including the Firm's hourly rates, are subject to court review and approval in any bankruptcy proceeding.**

1.  <u>Client; Scope of Representation</u>. Our client in this matter will be GKI Incorporated. We will be engaged to provide bankruptcy and related legal advice to Client in connection with a restructuring of Client's financial obligations. You may limit or expand the scope of our representation from time to time, provided that any substantial expansion must be agreed to by us.

2.  <u>Term of Engagement</u>. Either of us may terminate the engagement at any time for any reason by written notice, subject on our part to applicable rules of professional conduct. In the event that we terminate the engagement, we will take such steps as are reasonably practicable to protect your interests in the above matter. If permission for withdrawal is required by a court, we will promptly apply for such permission, and you agree to engage

successor counsel to represent you.

Unless previously terminated, our representation of Client will terminate upon our sending you our final statement for services rendered in this matter (subject to obtaining court approval, if such approval is necessary). Following such termination, otherwise nonpublic information you have supplied to which is retained by us will be kept confidential in accordance with applicable s of professional conduct. At Client's request, Client's papers and property be returned to Client promptly upon our receipt of payment for outstanding and costs. Our own files, including lawyer work product pertaining to the matter, will be retained by the Firm. All such documents retained by the Firm will transferred to the person responsible for administering our records retention program. For various reasons, including the minimization of unnecessary storage expenses, we reserve the right to destroy or otherwise dispose of any such documents or other materials retained by us within a reasonable time after the termination of the engagement.

We understand that we have been engaged to provide legal services in connection with a specific matter. After completion of the matter, changes may occur in the applicable laws or regulations that could have an impact upon Client's future rights and liabilities. Unless Client actually engages the Firm after specific matter has concluded to provide additional advice on issues arising from the matter, the Firm has no continuing obligation to advise Client with respect to future legal developments.

3.  Fees and Expenses. Steven J. Brody will be principally responsible for this engagement. It is anticipated that other Firm lawyers may become actively involved and, when appropriate, legal assistant personnel may also used. Except as set forth below in paragraph 4, the Firm's fees will be based primarily on the billing rate for each attorney and legal assistant devoting time his matter. Our billing rates for attorneys currently range from $200 to $350 per hour for new associates to $300 to $550 per hour for senior counsel and partners. Steven J. Brody's hourly rate is currently $395 per hour. Time devoted by legal assistants is charged at billing rates from $90 to $150 per hour. These billing rates are subject to change from time to time.

We will include on our statements separate charges for performing services such as photocopying, messenger and delivery service, computerized research, travel, long-distance telephone and telecopy, word processing and filing fees and other expenses. Fees and expenses of others (such as consultants, appraisers and local counsel) generally will not be paid by us, but will be billed directly to you.

Statements normally will be rendered monthly for work permed and expenses incurred during the previous month. Payment for the Firm's services shall be due and payable within ten (10) days of Client's receipt of a statement from the Firm of fees and expenses chargeable to Client, or as otherwise ordered by the court in any bankruptcy proceeding. A late fee equal to one percent (1.0%) percent per month shall be payable by Client on any statement, not paid when due until such statement is paid in full. Payment may be paid by Client by check or other mutually acceptable means. **In any bankruptcy proceeding, the court will need to approve your retention of the Firm prior to the Firm applying for**

**payment. In addition, the court will need to review and approve the Firm's request for payment of fees and expenses.**

4. <u>Retainer</u>. Upon execution of this letter agreement, you agree to provide the Firm with $12,000 retainer deposit, which should be remitted promptly by check or other mutually acceptable means. The entire retainer amount will be applied toward payment of our final invoice and any balance will be refunded to you. In the interim, we will draw on the retainer only to the extent we do not receive your payment in full of our periodic invoices. To the extent we have to look to the retainer for this purpose, you agree promptly to restore the principal amount of the retainer to $12,000. You agree that we will have the right to request additional advances from time to time based on our estimates of future work to be undertaken. **In any bankruptcy proceeding, the court will need to review and approve our arrangement for payment of the retainer. You hereby agree to cooperate in any Firm request to the court for approval of the retainer.**

5. <u>Client Responsibilities</u>. Client agrees to cooperate fully with us and to provide promptly all information known or available to you or Client relevant to our representation.

6. <u>Miscellaneous</u>. The Firm's sole and exclusive client will be Client, and the Firm will not in any way be deemed to be attorneys for any of Client's members or affiliates. The provisions of this engagement letter may not be modified except in a subsequent writing executed by all of the parties hereto. This letter may be executed in counterparts, which counterparts, when fully executed and considered together, shall constitute our agreement.

Once again, we are pleased to have this opportunity to work with you.

Sincerely,

Steven J. Brody

Agreed to and accepted

By: _____
Olaf Klutke
President of GKI Incorporated
September 11, 2016